The plaintiff claimed the slaves in question under the will of his father, John White, deceased, who bequeathed the woman Lucy to his wife for life, and after her death to the plaintiff. For the plaintiff it was proved that Lucy and Baccus were in the defendant's possession, and that the action had been brought within less than three years from the death of the testator's widow; and further, that Baccus was a child of Lucy, born after the defendant had taken her into possession. For the defendant, it was then proved that the testator was (564) indebted, in his lifetime, to one Robert Simonton, and for the purpose of securing the debt mortgaged to him the woman Lucy and another girl; and that after the testator's death his widow and the plaintiff, to discharge the said debt, sold and delivered Lucy to Simonton, from whom the defendant afterwards purchased her. *Page 444 
His Honor charged the jury that if they believed from the evidence that the testator's widow and the plaintiff together sold and delivered the woman Lucy to Simonton, the title passed to Simonton, although there was no bill of sale, and that the plaintiff was not entitled to recover. The plaintiff, in submission to this opinion, suffered a nonsuit and appealed.
We assent entirely to the opinion expressed in the court below. On common-law principles we see no ground upon which the plaintiff can invalidate the sale made by himself and the tenant for life. It is not affected by the act of 1784, 1 Rev. St., ch. 37, sec. 19, because under that act a parol conveyance of slaves is good between the parties thereto. If it were not, the act of 1792, 1 Rev. St., ch. 37, sec. 19, declares bonafide sales of slaves, accompanied by delivery, good without a bill of sale. The act of 1819, to avoid parol contracts for the sale of lands and slaves, did not go into operation until 1 January, 1821; and if it had been in operation before the sale in question, it would not have applied thereto, for executed contracts are not embraced within its purview. Choat v.Wright, 2 Dev., 289; Mushat v. Brevard, 4 Dev., 73.
PER CURIAM. Judgment affirmed.
(565)